UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| BELINDA SHAFFER, | : | |
| | : | CASE NO. 4:20-cv-01474 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 1, 7, 13, 24] |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Belinda Shaffer seeks judicial review of the Social Security Commissioner's final decision denying her application for disability insurance benefits and supplemental security income.[1] Plaintiff also seeks remand to consider new evidence and seeks to add a constitutional claim to her complaint.[2] Magistrate Judge Darrell A. Clay recommends affirming the Commissioner's decision, denying the motion to admit new evidence and remand, and dismissing the claim in the amended complaint.[3] Plaintiff raises three objections to the Report and Recommendation.[4]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **DENIES** the motion to remand, **DISMISSES** the Amended Complaint, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the decision of the Commissioner of Social Security.

## I. Background

---

[1] Doc. 1.
[2] Doc. 7; Doc. 13.
[3] Doc. 24.
[4] Doc. 25.

Case No. 20-cv-01474
Gwin, J.

On December 1, 2017, Plaintiff Shaffer applied for Social Security benefits due to lupus, seizures, and poor eyesight.[5]

On June 7, 2019, Shaffer had a hearing before a Social Security Administrative Law Judge ("ALJ").[6]

On July 30, 2019, the ALJ found Plaintiff Shaffer not disabled under the Social Security Act.[7] Shaffer submitted additional medical evidence and requested Appeals Council review.[8] The Appeals Council denied that request.[9]

On July 5, 2020, Plaintiff Shaffer filed this case seeking review of the Social Security Administration's unfavorable decision.[10] On August 14, 2020, thirty-two days after serving her original complaint, Plaintiff sought to file an amended complaint.[11] She did not seek the opposing party's consent or leave of court.[12]

In her merits brief, Shaffer raised three legal issues.[13] First, she argued that the ALJ erred by finding that she did not qualify under the Epilepsy or Lupus Listings.[14] Plaintiff also challenged the ALJ's hand and finger capacity finding.[15] Finally, she argued that the ALJ made an erroneous finding about how her combined symptoms would affect her work potential.[16]

---

[5] Doc. 12 ("Transcript" or "Tr.") at PageID #: 243; Doc. 24 at 3.
[6] Tr. at PageID #: 243.
[7] *Id.* at PageID #: 240.
[8] *Id.* at PageID #: 58.
[9] *Id.* at PageID #: 57.
[10] Doc. 1.
[11] Doc. 7.
[12] Doc. 24 at 29.
[13] Doc. 14. The listing refers specifically to "systemic lupus erythematosus (SLE)". This opinion uses the word "lupus" instead of "SLE" for language accessibility.
[14] *Id.* at 20-23.
[15] *Id.* at 24-25.
[16] *Id.* at 23-25.

-2-

Case No. 20-cv-01474
Gwin, J.

The Commissioner opposed, arguing that substantial evidence supports the ALJ's Listings and residual function findings.[17]

On August 10, 2021, Magistrate Judge Clay recommended that the Court affirm the Social Security Administration's denial of benefits.[18] Judge Clay found that substantial evidence supported the ALJ's finding that Plaintiff does not meet the Epilepsy Listing because she does not have medical documentation describing her seizures.[19] Similarly, she does not satisfy the Lupus Listing because Shaffer did not produce medical documentation supporting the Lupus Listing.[20] Magistrate Judge Clay also concluded that the ALJ properly weighed the hand and finger capacity evidence.[21] In addition, he found substantial evidence supporting the ALJ's residual function finding.[22]

Magistrate Judge Clay recommended denying Plaintiff's motion to admit new evidence and remand to the Commissioner.[23] Although most of her evidence was new, Judge Clay concluded that it was not material or not related to the period of disability the ALJ considered.[24]

Finally, Magistrate Judge Clay recommended dismissing the claim in Plaintiff Shaffer's amended complaint because her amendment did not comply with the Federal Rules of Civil Procedure.[25]

---

[17] Doc. 21.
[18] Doc. 24.
[19] *Id.* at 20-21.
[20] *Id.* at 21-22.
[21] *Id.* at 23-24.
[22] *Id.* at 24.
[23] *Id.* at 24-28.
[24] *Id.*
[25] *Id.* at 29.

-3-

Case No. 20-cv-01474
Gwin, J.

On August 24, 2021, Plaintiff objected to Magistrate Judge Clay's report and recommendation ("R&R").[26]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the R&R to which the parties object.[27] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[28]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[29] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[30] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[31]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[32] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[33]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable

---

[26] Doc. 25.
[27] 28 U.S.C. § 636(b)(1).
[28] *Id.*
[29] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[30] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[31] *Id.*
[32] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[33] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).

Case No. 20-cv-01474
Gwin, J.

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[34]

### III. Discussion

#### a. Objections to the ALJ's Findings

Plaintiff Shaffer offers three objections: (1) the ALJ should have found that she qualified for the Epilepsy or Lupus Listings; (2) the hand and finger finding is erroneous; (3) the ALJ erred by concluding that she could work despite her combined symptoms.[35]

Substantial evidence supports the ALJ's finding that Plaintiff Shaffer does not meet the requirements for the Epilepsy Listing.

To qualify for Listing 11.02 (Epilepsy), the regulations "require at least one detailed description of [the claimant's] seizures from someone, preferably a medical professional, who has observed at least one of [the claimant's] typical seizures."[36] As the Sixth Circuit has explained, "[t]estimony of persons other than the claimant is essential for description of type and frequency of seizures if professional observation is not available."[37] Plaintiff challenges the ALJ decision using her self-reported seizures,[38] but these self-reports are insufficient to qualify her for the Listing.

In addition to the lack of a detailed description, the evidence reflects insufficient seizure frequency. The ALJ found that the medical evidence showed "inconsistency as to the frequency of seizures" between her testimony and the medical evidence.[39] The medical

---

[34] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[35] Doc. 25.
[36] 20 C.F.R. § 404, subpt. P, app. 1 at 11.00(H)(2).
[37] *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 761 (6th Cir. 2004) (unpublished) (quoting 20 C.F.R. § 404, subpt. P, app. 1)).
[38] Doc. 14 at 11; Doc. 25 at 4-5.
[39] Tr. at Page ID #: 249.

Case No. 20-cv-01474
Gwin, J.

evidence suggests that her seizures occurred "every few months."[40] The Listing requires greater frequency.[41] Also, the ALJ considered medical evidence describing her seizures as "stable on medications,"[42] while the Listing requires limitations from seizures to "exist despite adherence to prescribed treatment."[43] The medical records provide substantial evidence for the finding that Plaintiff Shaffer does not meet the Epilepsy Listing criteria.

Substantial evidence also supports the finding that Plaintiff does not meet the Lupus Listing requirements. This Listing requires at least two symptoms from a list: "severe fatigue, fever, malaise, or involuntary weight loss."[44] The medical evidence shows normal temperatures at appointments, self-reports of no fatigue at every appointment except one, and no weight gain.[45]

Plaintiff Shaffer's second objection—that the ALJ erred by finding she could frequently use her hands at work—is also overruled. The ALJ considered evidence of her reduced grip strength, but also considered medical evidence showing full arm strength and "intact fine motor function of both hands."[46] The ALJ further considered x-rays showing normal bone and joint results.[47] A reasonable person might accept this medical evidence as adequate to support the conclusion that Plaintiff Shaffer can frequently use her hands.

---

[40] *Id.*; *see also id.* at Page ID #: 735, 812.
[41] 20 C.F.R. § 404, subpt. P, app. 1 at 11.02.
[42] Tr. at Page ID #: 249; *see also id.* at Page ID #: 791.
[43] 20 C.F.R. § 404, subpt. P, app. 1 at 11.00(C).
[44] 20 C.F.R. § 404, subpt. P, app. 1 at 14.02.
[45] Doc. 24 at 22.
[46] Tr. at Page ID #: 251.
[47] *Id.* at Page ID #: 251-52.

Case No. 20-cv-01474
Gwin, J.

Plaintiff further challenges the ALJ's failure to cite to all the grip strength readings. But an ALJ is not required to "expressly reference every piece of evidence in the record,"[48] and "an ALJ's failure to cite specific evidence does not indicate that it was not considered."[49]

Plaintiff Shaffer's objection to the ALJ's work potential finding is also overruled. Plaintiff argues that the combined effects of her seizures and lupus symptoms would prevent her from working.[50] Yet the ALJ decision states that the ALJ considered the limitations imposed by "the combination of her impairments," finding that they reduced Plaintiff to sedentary work.[51] In reaching this conclusion, the ALJ cited to medical evidence showing the effects of both conditions, as well as Plaintiff's testimony about the combined effects.[52]

### b. New Evidence

Plaintiff Shaffer moves to admit new evidence and remand her case to the Commissioner.[53] Remand under 42 U.S.C. § 405(g) "sentence six" is appropriate "only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ."[54] Here, Plaintiff presents new evidence because it was "not in existence or available to the claimant at the time of the administrative proceeding."[55] Her motion for remand fails, however, because the evidence is not material.

---

[48] *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) (unpublished).
[49] *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (unpublished) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir.2000)).
[50] Doc. 25 at 6.
[51] Tr. at PageID #: 252.
[52] *Id*. at PageID #: 249, 250-51.
[53] Doc. 13.
[54] *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).
[55] *Id*.

-7-

Case No. 20-cv-01474
Gwin, J.

Evidence is material if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."[56] Ms. Shaffer's neurology appointment records are not material because the five-day monitoring procedure did not record any seizures or any "clear evidence of an active epilepsy."[57] Dr. Bednar also classified her seizures as "pseudoseizures,"[58] which are not included under the Epilepsy Listing.[59] This evidence does not show a reasonable probability of a different disposition.

Plaintiff Shaffer's new visual condition evidence is also not material. Her ophthalmologist records indicate cataracts that were treated surgically, with a post-operation examination showing self-reported blurriness but otherwise normal results.[60] Her eyeglasses prescription indicates declining vision.[61] This evidence does not create a reasonable probability of a different disposition because the ALJ considered medical evidence showing blurred vision.[62] Evidence of "a subsequent deterioration or change in condition after the administrative hearing" is not material.[63]

### c. Amended Complaint

Plaintiff's amended complaint did not comply with Federal Rule of Civil Procedure 15.[64] She filed it more than 21 days after serving the original complaint without opposing

---

[56] *Id.*
[57] Doc. 13-3 at PageID #: 981.
[58] *Id.* at PageID #: 974, 985.
[59] 20 C.F.R. § 404, subpt. P, app. 1 at 11.00(H)(1).
[60] Doc. 13-2 at PageID #: 945-49.
[61] Doc. 13-1.
[62] Tr. at PageID #: 246.
[63] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 478 (6th Cir. 2003) (quoting *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir.1992)).
[64] Fed. R. Civ. P. 15(a).

Case No. 20-cv-01474
Gwin, J.

party consent or leave of court. The claim added in that amended complaint is, therefore, dismissed.

## IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion to admit new and material evidence and remand the case, **DISMISSES** the Amended Complaint, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: September 23, 2021               *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE